S.D.N.Y.-N.Y.C.
06-cv-38
Marrero, J.

S.D.N.Y.-N.Y.C.
06-cv-39
Sullivan, J.
Maas, M.J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of October, two thousand eleven,

Present:
    Joseph M. McLaughlin,
    Robert D. Sack,
    Peter W. Hall,
        *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 31, 2011

Echo Westley Dixon,
                *Petitioner*,
    v.                                  11-3738-op

United States of America, *et al.*,
                *Respondents*.

Petitioner, *pro se*, moves for authorization to file a second or successive 28 U.S.C. § 2254 petition in the United States District Court for the Southern District of New York challenging both a February 2003 Bronx County conviction and a March 2003 New York County conviction.

Petitioner has also filed various other papers in this proceeding, which this Court construes as being filed in support of the motion for leave to file a successive § 2254 petition.

Upon due consideration, it is hereby ORDERED that the motion is DENIED to the extent it seeks to challenge the February 2003 Bronx County conviction because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2244(b). Petitioner has failed to demonstrate that the claims in his proposed petition are based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or facts that could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2).

SAO-MLM

CERTIFIED COPY ISSUED ON 10/31/2011

It is further ORDERED that, to the extent Petitioner seeks to challenge his March 2003 New York County conviction, his motion is DENIED as unnecessary because his first § 2254 proceeding challenging that conviction, docketed under S.D.N.Y. docket 06-cv-39, has not yet ended and, therefore, the claims in the present application are not successive within the meaning of 28 U.S.C. § 2244. It is further ORDERED that the case is TRANSFERRED to the district court for "whatever further action the district court finds appropriate." *Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005); *Ching v. United States*, 298 F.3d 174, 178 (2d Cir. 2002).

                FOR THE COURT:
                Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit